IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY | : | |
| INSURANCE COMPANY | : | CIVIL ACTION  LAW |
| | : | DOCKET NO.: |
| | : | |
| VS. | : | DECLARATORY JUDGMENT |
| | : | COMPLAINT |
| AUTHOR J. AND DONNA M. CRONIN, h/w | : | |
| | : | |
| AND | : | |
| | : | |
| DR. KENNETH TAYLOR, | : | |
| DERRY TOWNSHIP SCHOOL DISTRICT, | : | |
| LINDSAY DREW, MARIA MEMMI, | : | |
| KATHY SICHER, TERRY SINGER, | : | |
| TRICIA STEINER AND DAVID OBENSTINE | : | |

## DECLARATORY JUDGMENT COMPLAINT

1.      This is an action for Declaratory Judgment seeking a declaration of the rights and

liabilities of the parties under a homeowners insurance policy issued by Allstate Vehicle and

Property Insurance Company to Arthur J and Donna M Cronin in relation to a civil action lawsuit

captioned, Dr. Kenneth Taylor vs. Donna Cronin, in her individual and official capacity, et. al.,

United States District Court for the Middle District of Pennsylvania, Case No.: 1:20-cv-10363-

CCC (hereinafter "the Underlying Lawsuit").

## PARTIES

2.      Allstate Vehicle and Property Insurance Company ("Allstate") is an insurance

company incorporated in the State of Illinois, with a principal place of business at 2775 Sanders

Road, Northbrook, IL 60062-6127 and duly licensed to conduct business in the Commonwealth of

Pennsylvania.

3.      Defendants Donna and Arthur Cronin, are husband and wife and adult individuals who, at all times relevant hereto, upon information and belief, resided at 476 English Ivy Court, Hummelstown, PA 17036-9771.

4.      Dr. Kenneth Taylor ("Taylor") is an adult individual and a citizen of the Commonwealth of Pennsylvania.

5.      Defendant Derry Township School District ("School District") is organized under the Public School code of 1949, Act of March 10, 1949 as amended ("School Code"), 24 P.S. § 1-101 *et seq.*, which serves Derry Township in Dauphin County. The Derry Township Board of School Directors, is a legal entity, that administers the Defendant School District and acts under authority of the school code, among other laws. Defendant School District is a citizen of Pennsylvania.

6.      Lindsay Drew is an adult individual and a citizen of the Commonwealth of Pennsylvania.

7.      Maria Memmi is an adult individual and at all times relevant hereto a citizen of the Commonwealth of Pennsylvania.

8.      Kathy Schiner is an adult individual and at all times relevant hereto a citizen of the Commonwealth of Pennsylvania.

9.      Terry Singer is an adult individual and at all times relevant hereto a citizen of the Commonwealth of Pennsylvania.

10.     Tricia Steiner is an adult individual and at all times relevant hereto a citizen of the Commonwealth of Pennsylvania.

11.     David Obenstine is an adult individual and at all times relevant hereto a citizen of the Commonwealth of Pennsylvania.

## JURISDICTION

12.     This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 (Diversity Citizenship) because the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000.00.

## HISTORY OF CONTROVERSY

13.     At all times relevant, Allstate insured Arthur J and Donna M Cronin according to the terms, conditions and exclusions of an Allstate House and Home Policy, policy number 977317053 ("the HO Policy"). A true and correct copy of the Policy is attached as Exhibit "A" and incorporated by reference.

14.     On or about January 21, 2022, Taylor filed a second amended complaint in civil action against the defendants in the United States District Court for the Middle District of Pennsylvania; said complaint was docketed at Case No. 1:20-cv-01363-CCC. A true and correct copy of the complaint in the Underlying Lawsuit is attached hereto and incorporated herein as Exhibit "B."

15.     The Underlying Lawsuit involves harms Taylor claims were caused by the actions of defendants including specifically, Allstate's insured Cronin[1].

16.     The Underlying Lawsuit alleges that Cronin engaged in an orchestrated, vindictive campaign for the express purpose of having Taylor removed from his position as head coach of the Hershey High School Girls' Varsity Lacrosse team.  See Exhibit "B" at paragraph  37.

17.     According to the Underlying Lawsuit, this campaign culminated with Taylor being removed as head coach of the Hershey High School Girls' Varsity Lacrosse team.

18.     From the Underlying Lawsuit:

---

[1] Unless otherwise noted, "Cronin" refers solely to Donna M. Cronin.

a.      Taylor was hired as head coach of the Girls' Varsity Lacrosse team for Hershey High School, in or around January 15, 2013. <u>See</u> Exhibit "A" at paragraph 18. He was thereafter re-appointed to the position each year starting with the 2014-2015 school year, and continuing through the 2018-2019 school year. <u>See</u> Exhibit "B" at paragraph 18.

b.      On January 14, 2013, one day before Taylor was offered the head coaching position, Cronin resigned as a school director so that she could interview for the same head coaching position. <u>See</u> Exhibit "B" at paragraph at 45.

c.      Cronin resigned one day before Taylor was offered the head coaching position.

d.      After being hired, Taylor offered Cronin an assistant coaching position on the Girls' Varsity Lacrosse team.

e.      Once appointed assistant coach, Cronin began a conscious effort to marginalize Taylor's role as head coach. <u>See</u> Exhibit "B" at paragraph 47.

f.      On November 18, 2013, Cronin was terminated as an assistant coach of the Girls' Varsity Lacrosse team. <u>See</u> Exhibit "B" at paragraph 48.

g.      On December 9, 2013, however, Cronin was reinstated as an assistant coach. <u>See</u> Exhibit "B" at paragraph 50.

h.      After being reinstated as an assistant coach, Cronin continued her detrimental conduct toward the Girls' Varsity Lacrosse team. <u>See</u> Exhibit "B" at paragraph 51.

i.      In or around May 22, 2016, Taylor again elected to make changes to the coaching staff. Cronin was one of the assistant coaches to be terminated. See Exhibit "B" at paragraph 55.

j.      During the summer of 2016, Cronin begged Taylor to keep her on as an assistant coach. See Exhibit "B" at paragraph 57.

k.      Taylor did not, however, retain Cronin.

l.      In the fall and winter of 2016, Cronin  became determined to interfere with the varsity girls lacrosse program and to have Taylor terminated. See Exhibit "B" at paragraph 60.

m.      In April 2018, Cronin re-applied for, and was approved to be, a school director. See Exhibit "B" at paragraph 64.

n.      From the summer of 2018 throughout the fall of 2018, Cronin began a malicious and tireless crusade to malign Taylor and to eventually have him disapproved from his long standing coaching position. See Exhibit "B" at paragraph 65.

o.      On or about January 23, 2019, Cronin alleged that she had been informed that Taylor had been sexually inappropriate with some of the lacrosse players. See Exhibit "B" at paragraph 66.

p.      Cronin would not stop until Taylor was terminated as coach of the girls varsity lacrosse team. See Exhibit "B" at paragraph 73.

q.      On or about February 18, 2019, as a result of negative backlash, Taylor was forced to resign as head coach of the Girls' Varsity Lacrosse team. See Exhibit "B" at paragraph 79.

r.     Within approximately forty-eight (48) hours, however, a request was made of Taylor to rescind his resignation on the basis that the negative information relayed about him was false, and only made with the intent to force Taylor out of his position. <u>See</u> Exhibit "B" at paragraph 81.

s.     On or about February 21, 2019, Taylor rescinded his resignation. <u>See</u> Exhibit "B" at paragraph 82.

t.     On or about February 22, 2019, Cronin began soliciting people for "dirt" on Taylor. <u>See</u> Exhibit "B" at paragraph 86.

u.     Cronin solicited this denigrating information about Taylor outside of her positon as a school director. <u>See</u> Exhibit "B" at paragraph 88.

v.     During the summer of 2019, Cronin, among others, made defamatory and false allegations against Taylor and made insinuations that Taylor acted inappropriately with the players on the lacrosse team.  This was done for the express purpose of ensuring Taylor did not get rehired. <u>See</u> Exhibit "B" at paragraph 129.

w.     On June 24, 2019, a personnel action was raised against Taylor, at Cronin's insistence. <u>See</u> Exhibit "B" at paragraph 102.

x.     Cronin had previously made false allegations against Taylor and had a history of exerting undue influence and power over the school board to get coaches fired in the past. <u>See</u> Exhibit "B" at paragraph 103.

y.     The only justification for the personnel action was unfounded and nonspecific allegations of emotional abuse and other inappropriate conduct levied against Taylor. <u>See</u> Exhibit "B" at paragraph 106.

z.       On or about September 3, 2019, Taylor reapplied for the head coaching position of the Girls' Varsity Lacrosse team. <u>See</u> Exhibit "B" at paragraph 115.

aa.      In or around September 24, 2019, the athletic director of the school recommended Taylor for the coaching positon to the school board. <u>See</u> Exhibit "B" at paragraph 116.

bb.      On October 7, 2019, and against the athletic director's direction, the school board voted against rehiring Taylor as head coach of the Girls' Varsity Lacrosse team. <u>See</u> Exhibit "B" at paragraph 118.

cc.      Cronin was one of the school board members who voted against hiring Taylor on October 7, 2019. <u>See</u> Exhibit "B" at paragraph 119.

dd.      From at least October 2018 through October 7, 2019, Cronin, along with other school board members, were communicating and scheming and planning on how to get Taylor terminated from his position as head coach of the Girls' Varsity Lacrosse team. <u>See</u> Exhibit "B" at paragraph 120.

ee.      Cronin's communications demonstrate a clear orchestrated effort to terminate Taylor, first on June 24, 2019, and then again on October 7, 2019 to make sure he was not rehired. <u>See</u> Exhibit "B" at paragraph 122.

ff.      Cronin acted in a reckless manner with the express purpose of ensuring that Taylor did not get rehired. <u>See</u> Exhibit "B" at paragraph 131.

gg.      Cronin participated in a scheme to recruit people to confirm her own false allegations against Taylor. <u>See</u> Exhibit "B" at paragraph 132.

hh.     Cronin had engaged in a community-wide campaign of false and defamatory statements against Taylor, for the express purpose of having him removed as coach. See Exhibit "B" at paragraph 38.

ii .     Cronin has demonstrated a pattern and practice of inappropriate behavior. See Exhibit "B" at paragraph at 39.

19.     Taylor alleges in the Underlying Lawsuit that Cronin's defamatory and false statements were specifically done to ensure his removal as head coach of the Girls' Varsity Lacrosse team. See Exhibit "B" at paragraphs137-141.

20      Taylor claims that Cronin engaged in a concerted and cooperative effort to harm and/or destroy Taylor's reputation in order to justify his removal as head coach. See Exhibit "B" at paragraph 171.

21.     Taylor alleges that Cronin's actions: were undertaken solely for the purpose of harming him; done with the intent to have him removed as head coach; and, were motivated for the purpose of inflicting injury on him. E.g. See Exhibit "B" at paragraphs 173, 185.

22.     Cronin intentionally misrepresented Taylor's character. See Exhibit "B" at paragraph 204.

23.     Taylor alleges in the Underlying Lawsuit that Cronin's defamatory and false statements placed him in a false light, and damaged his good name, his reputation, his honor and his integrity. See Exhibit "B" at paragraphs 137-141.

24.     Taylor claims that he lost income as well other compensation as a result of Cronin's actions. See Exhibit "B" at paragraphs 155, 186 e.g..

25.     Taylor claims economic, and non-economic/emotional distress damages, resulting in loss of compensation, reputational damages, loss of earning power, loss of self-esteem, loss of

standing in the community, mental injury, physical manifestations of injury, the loss of opportunities for prospective employment, and reduction of pension or retirement benefits. See Exhibit "B" at paragraphs177, 187, 213e.g.

26.     Taylor was subjected to contempt and ridicule, and was subjected to adverse, derogatory, and unpleasant feelings or opinions toward him. See Exhibit "B" at paragraph 212.

27.     In or about November 2022, a defense and indemnification under the HO Policy issued by Allstate to the allegations asserted by Taylor was requested by or on behalf of Cronin.

28.     On or about February 13, 2023, Allstate sent a Reservation of Rights letter to Cronin. A true and correct copy of the February 13, 2023 Reservation of Rights letter is attached as Exhibit "C" and incorporated by reference.

29.     Pursuant to the HO Policy, Allstate retained counsel to represent Cronin with regard to the claims as pled by Taylor in the Underlying Lawsuit.

30.     Allstate files this Declaratory Judgment Action seeking a Court determination of the rights and liabilities of the above named parties with regard to Allstate's Policy issued to defendant herein, Cronin, and the Underlying Lawsuit.

## COUNT I

31.     The averments contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if the same were more fully set forth at length.

32.     The HO Policy contains the following provisions:

*Section II – Family Liability and Guest Medical Protection*

\*\*\*

*Coverage X*
*Family Liability Protection*

*Losses We Cover Under Coverage X:*

Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after we have exhausted **our** limit of liability.

Exhibit "A," Form AVP 58, pdf p. 35.

33.     The HO Policy contains the following definitions:

1.  **Bodily injury** – means physical harm to the body, including sickness or disease, and resulting death…

***

5.  **Insured person(s)** – means **you** and, if a resident of your household:
    a)  any relative; and

***

7.  **Occurrence** – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

8.  **Property damage** means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

***

12. **We, Us** or **Our** – means the company named on the Policy Declarations.

***

14. **You** or **your** – means the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse.

<u>See</u> Exhibit "A" at pdf pp.16-17.

34.     The claims set forth in the Complaint filed by Taylor in the Underlying Lawsuit are not an "occurrence" as defined in the HO Policy.

35.     Cronin's actions set forth in the Complaint filed by Taylor in the Underlying Lawsuit were not accidental thus do not qualify as an "occurrence" due to the lack of fortuity.

36.     Cronin's actions, as further set forth in the Complaint filed by Taylor in the Underlying Lawsuit, were expected, usual and foreseeable.

37.     Cronin did not accidentally inform others that Taylor had been sexually inappropriate with some of the lacrosse players.

38.     Cronin did not accidentally solicit people for "dirt" on Taylor.

39.     Cronin did not accidentally instigate the personnel action against Taylor.

40.     Cronin did not accidentally make false allegations against Taylor.

41.     All of the aforesaid are alleged, by Taylor, to be part of a vindictive, orchestrated campaign for the express purpose of having Taylor removed from his position as head coach.

42.     Taylor alleges that these actions by Cronin placed him in a false light, and damaged his good name, his reputation, his honor and his integrity.

43.     As a result of Cronin's actions, Taylor also claims and seeks economic, and non-economic/emotional distress damages, loss of compensation, reputational damages, loss of earning power, loss of self-esteem, loss of standing in the community, mental injury, physical manifestations of injury, the loss of opportunities for prospective employment, and reduction of pension or retirement benefits

44.     The injuries caused to and alleged by Taylor are not "bodily injury" as that phrase is defined by the HO Policy and by applicable law.

45.     The injuries caused to and alleged by Taylor are not "property damage" as that phrase is defined by the HO Policy and by applicable law.

46.     The claims set forth in the Complaint in the Underlying Lawsuit are not an "occurrence" as defined in the HO Policy and, therefore, there is no coverage under said HO Policy for Taylor's claims against Cronin in the Underlying Lawsuit.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate Vehicle and Property Insurance Company does not have a duty to defend or indemnify Defendant, Donna M. Cronin under Allstate House and Home Policy, AVP58, policy number 977317053, for the claims asserted by Dr. Kenneth Taylor in the Complaint filed in the United States District Court for the Middle District of Pennsylvania, Case No.1:20-cv-01363-CCC, or for cross-claims, if any, filed by Derry Township School District, Lindsay Drew, Maria Memmi, Kathy Sicher, Terry Singer, Tricia Steiner and David Obenstine, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendant Donna M. Cronin in the aforementioned action upon Praecipe filed.

## COUNT II

47.     The averments contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if the same were more fully set forth at length.

48.     The HO Policy contains the following provisions:

***Losses We Do Not Cover Under Coverage X:***

1.  **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an **insured person**.

\*\*\*

This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

\*\*\*

***Losses We Do Not Cover Under Coverage Y:***

1. **We** do not cover any **bodily injury** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an **insured person**.

\*\*\*

This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

See Exhibit "A", Form AVP58, at pdf pp. 35-36, 38.

49.     Scheming, soliciting and engaging in a community-wide campaign of false and defamatory statements about Taylor, as alleged above and as further pled in the Complaint in the Underlying Lawsuit, for, *inter alia*, the express purpose of having Taylor removed as head coach is/are intentional acts.

50.     Cronin's pattern and practice of inappropriate conduct as a member of the school board toward the Girls' Varsity Lacrosse team in general, and Taylor in particular, as alleged above and as further pled in the Complaint in the Underlying Lawsuit, is/are intentional acts.

51.     Soliciting third parties for "dirt" on Taylor, and demanding that he be terminated by the athletic director of the school, as alleged above and as further pled in the Complaint in the Underlying Lawsuit, is/are intentional acts.

52.     The campaign to malign Taylor in an effort to have him disapproved from his head coaching position, as alleged above and as further pled in the Complaint in the Underlying Lawsuit, is/are intentional acts.

53.     The concerted and cooperative effort to harm and/or destroy Taylor's reputation, in which it is alleged that Cronin participated and which is alleged to have been untaken solely for the purpose of causing Taylor irreparable harm, is/are intentional acts.

54.     Taylor alleges that Cronin's actions and/or the crusade against him was malicious.

55.     Cronin intended to harm Taylor, and did harm him, as alleged above and as further pled in the Complaint in the Underlying Lawsuit, through efforts that were orchestrated to achieve an objective, namely to get Taylor fired/not re-hired.

56.     The harm to Taylor is inherent in the nature of Cronin's alleged acts, and flowed directly and immediately from those acts.

57.     The injuries alleged by Taylor as a result of those actions alleged above and as further pled in in the Complaint in the Underlying Lawsuit are reasonably expected to result from Cronin's actions and other intentional act(s).

58.     Accordingly, the "intentional act exclusion" in the HO Policy precludes coverage for Cronin for the claims set forth in the Complaint in the Underlying Lawsuit.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate Vehicle and Property Insurance Company does not have a duty to defend or indemnify Defendant, Donna M. Cronin under Allstate House and Home Policy, AVP58, policy number 977317053, for the claims asserted by Dr. Kenneth Taylor in the Complaint filed in the United States District Court for the Middle District of Pennsylvania, Case No.1:20-cv-01363-CCC, or for cross-claims, if any, filed by Derry Township School District, Lindsay Drew, Maria Memmi, Kathy Sicher, Terry Singer, Tricia Steiner and David Obenstine, and authorizing Allstate's selected counsel to withdraw his/her

appearance on behalf of defendant Donna M. Cronin in the aforementioned action upon Praecipe filed.

## COUNT III

59.     The averments contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if the same were more fully set forth at length.

60.     The Complaint in the Underlying Lawsuit alleges punitive damages.

61.     Punitive damages are not "bodily injury" or "property damage".

62.     There is no coverage for punitive damages under the HO Policy.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate Vehicle and Property Insurance Company does not have a duty to defend or indemnify Defendant, Donna M. Cronin under Allstate House and Home Policy, AVP58, policy number 977317053, for the claims asserted by Dr. Kenneth Taylor in the Complaint filed in the United States District Court for the Middle District of Pennsylvania, Case No.1:20-cv-01363-CCC, or for cross-claims, if any, filed by Derry Township School District, Lindsay Drew, Maria Memmi, Kathy Sicher, Terry Singer, Tricia Steiner and David Obenstine, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendant Donna M. Cronin in the aforementioned action upon Praecipe filed.

## COUNT IV

63.     The averments contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if the same were more fully set forth at length.

64.     The Policy contains the following definition:

5.  **Insured person(s)** – means **you** and, if a resident of **your** household:
    a)  any relative; and…

\*\*\*

    14. **You** or **your** – means the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse.

<u>See</u> Exhibit "A" at pdf pp. 16, 17.

    65.    The HO Policy is a homeowners insurance policy, and includes personal liability coverage for Cronin, subject to the policy's terms, conditions and limitations.

    66.    Further, the HO Policy includes the following exclusions:

    9. **We** do not cover **bodily injury** or **property damage** arising out of the rendering of, or failure to render, professional services by an **insured person**.

    10. **We** do not cover **bodily injury** or **property damage** arising out of the past or present **business** activities of an **insured person**.

<u>See</u> Exhibit "A" at pdf pp. 16, 17.

    67.    Most of Taylor's claims in the Underlying Lawsuit against Cronin arise out of her actions or conduct performed in the official capacity as a school board member, and do not arise out of her personal actions or conduct.

    68.    There is no coverage under the HO Policy for Taylor's claims in the Underlying Lawsuit against Cronin to the extent that those claims arise out of Cronin's actions or conduct performed in the official capacity as a school board member and do not arise out of her personal actions or conduct.

    WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate Vehicle and Property Insurance Company does not have a duty to defend or indemnify Defendant, Donna M. Cronin under Allstate House and Home Policy, AVP58, policy number 977317053, for the claims asserted by Dr. Kenneth Taylor in the Complaint filed in the United States District Court for the Middle

District of Pennsylvania, Case No.1:20-cv-01363-CCC, or for cross-claims, if any, filed by Derry Township School District, Lindsay Drew, Maria Memmi, Kathy Sicher, Terry Singer, Tricia Steiner and David Obenstine, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendant Donna M. Cronin in the aforementioned action upon Praecipe filed.

## <u>COUNT V</u>

69.     The averments contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if the same were more fully set forth at length.

70.     The Policy contains the following provisions:

> ### *Section II Conditions*
> 1.     **What You Must Do After a Loss**
>
>     In the event of **bodily injury** or **property damage**, **you** must do the following:
>     a)  Promptly notify **us** or **our** agent stating:
>         1)  **your** name and policy number;
>         2)  the date, the place and the circumstances of the loss;
>         3)  the name and address of anyone who might have a claim against an **insured person**;
>         4)  the name and address of any witness.
>     b)  Promptly send **us** any legal papers relating to the accident.
>     c)  At **our** request, an **insured person** will:
>         1)  cooperate with **us** and assist **us** in any matter concerning a claim or suit;
>
>                             ***

Exhibit "A," Form AVP 58, pdf p. 40.

71.     The Underlying Lawsuit was commenced on August 3, 2020 via Complaint and service was made on or about August 20, 2020.  <u>See</u> Exhibits "B" and "C."

72.     Yet, Allstate was not notified of Taylor's claims or of the Underlying Lawsuit, nor was it provided with a copy of any filings in the Underlying Lawsuit until or about November 17, 2022 when Cronin finally notified Eckert & Lafferty Insurance Associates.  A true and correct

copy of email communication between Cronin and Eckert & Lafferty Insurance Associates is attached hereto and incorporated herein as Exhibit "D."

73.     Cronin knew, or should have known, about the potential for a claim against her immediately after the October 7, 2019 board meeting at which the decision was made not to rehire Taylor as head coach of the Girls' Varsity Lacrosse team.

74.     At the very least, Cronin knew about the claims against her when she was served with the legal papers in the Underlying Lawsuit on or about August 20, 2020.

75.     Accordingly, Cronin violated the Policy condition above by failing to promptly notify Allstate of the claims and Underlying Lawsuit, and failing to promptly provide copies of any legal papers filed in the Underlying Lawsuit to the prejudice of Allstate and, therefore, Cronin is not entitled to coverage under the Policy for the claims made in the Underlying Lawsuit.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court issue an Order declaring that Allstate Vehicle and Property Insurance Company does not have a duty to defend or indemnify Defendant, Donna M. Cronin under Allstate House and Home Policy, AVP58, policy number 977317053, for the claims asserted by Dr. Kenneth Taylor in the Complaint filed in the United States District Court for the Middle District of Pennsylvania, Case No.1:20-cv-01363-CCC, or for cross-claims, if any, filed by Derry Township School District, Lindsay Drew, Maria Memmi, Kathy Sicher, Terry Singer, Tricia Steiner and David Obenstine, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of defendant Donna M. Cronin in the aforementioned action upon Praecipe filed.

CURTIN & HEEFNER, LLP

By:

Dated: May 15, 2023

Michael K. Lorenz, Esquire
Attorney I.D. # 93611
Attorneys for Plaintiff
Allstate Vehicle and Property
Insurance Company

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Court* that require filing confidential information and documents differently than non-confidential information and documents.

Michael K. Lorenz, Esquire
Curtin & Heefner, LLP
PA ID.: 93611

2912733.1/58003